**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CLARA TROYER, | ) | CASE NO.  5:12CV746 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES ATTORNEY, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* Plaintiff Clara Troyer filed this action under the following statutes: 42 U.S.C. §§ 1983, 1985, 1986 and 1988 (civil rights); 18 U.S.C. §§ 241 and 242; 18 U.S.C. §§ 1964(a)(b)(c)(d), 1962 (a)(b)(c)(d) and 1961 (1 through 10) (civil RICO); 18 U.S.C. §§ 1341 and 1343 (mail and wire fraud); and 18 U.S.C. §1348 (securities fraud). Troyer named as defendants the United States Attorney, Holmes County Sheriff Timothy Zimmerly, Holmes County Deputy Sheriff Gary Chaney, Holmes County Deputy Sheriff Hauns, Holmes County Deputy Sheriff Roger Sprowl, Holmes County Deputy Sheriff Johnson, Holmes County Deputy Sheriff McKinney, Holmes County Prosecutor Steve Knowling, Craft's Locksmith Shop, Locksmith Richard Craft, Attorney Frank J. Rose, Attorney Paul Harvey, the law firm of Fitzpatrick, Zimmerman, and Rose, Commercial & Savings Bank ("CSB"), CSB Vice President Bill Tinlin, First Merit Bank, Attorney Garrett Roach, Fred Hershberger, Dwain Schlabach, Michael Schlabach, Schlabach's

1

Engine Shop, Reuben Schlabach, and Loran Mast. In the complaint, plaintiff alleges the foreclosure proceedings filed against her were unfair. She seeks monetary and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That application is granted.

## Background

CSB filed a foreclosure action in the Court of Common Pleas of Holmes County, Ohio against Plaintiff and Andy Troyer on August 31, 2009. *See Commercial & Savings Bank v. Troyer*, No. 11 CA 12, 2011 WL 5022820 at * 1 (Ohio App. 5 Dist. Oct. 19, 2011). First Merit Bank held a second mortgage on the property in question. *Id.* at * 1. The court granted summary judgment in favor of CSB on February 11, 2010.  *Id.*

After summary judgment was granted but before the sheriff's sale took place, Andy Troyer and Clara Troyer filed a Chapter 13 Bankruptcy Petition on February 2, 2010. *Id.* An automatic stay was issued in the foreclosure action. The Bankruptcy Petition was dismissed on May 3, 2010 when the Troyers failed to comply with an order to file documents. *Id*. The stay was lifted and the sheriff's sale on the foreclosed property was set for May 13, 2010. *Id.*

On the day of the sheriff's sale, Andy Troyer filed a second Chapter 13 Bankruptcy Petition, and an automatic stay was issued in the foreclosure action. *Id*. The petition was dismissed on motion of the trustee on September 21, 2010.  *Id.* The stay was lifted and the sheriff's sale was rescheduled for December 9, 2010. *Id.*

The day before that scheduled sheriff's sale, Clara Troyer filed a Chapter 13 Bankruptcy Petition. *Id.* Another automatic stay was issued. *Id.* The petition was dismissed on February 23, 2011. The sheriff's sale was rescheduled for April 29, 2011.

Thereafter, plaintiff filed numerous *pro se* motions in the foreclosure action and on April 26, 2011, filed a civil suit against the defendants named in this case. The *pro se* motions were all denied. The resolution, if any, of the civil action is not clear from the pleading.

The sheriff's sale was rescheduled for a final time for June 23, 2011 at 10:00 a.m. Plaintiff filed an appeal from the foreclosure action on the day of the sale at 8:36 a.m. apparently believing the appeal would stay the sheriff's sale. Plaintiff did not request a stay of the underlying action when she filed the appeal and none was granted by the court of appeals. The property was sold at sheriff's sale that day. Plaintiff filed an appeal from the confirmation of the sheriff's sale as well.

On October 12, 2011, plaintiff was evicted from the foreclosed property by three Holmes County Deputy Sheriffs. She found the property open on December 6, 2011 and moved back into the residence. She was evicted for a second time on December 15, 2011.

Plaintiff then filed an action in the United States District Court for the Northern District of Ohio on November 22, 2011. *See Troyer v. Hershberger*, No. 5:11 CV 2536 (N.D. Ohio Nov. 22, 2011) (Pearson, J.) In that action, plaintiff claimed the filing of the notice of appeal in the foreclosure action should have stayed further execution of the trial court's judgment. Because the sale was held as scheduled, plaintiff contended it was conducted without legal authority. Plaintiff argued, therefore, that the

3

transfer of the property by means of an illegal sale constituted securities fraud and wire fraud. The sale documents were mailed to the plaintiff and she claimed that constituted mail fraud as well. She asserted that the prosecutor knew or should have known that the filing of the notice of appeal stayed the action and his failure to cancel the sale denied her due process and equal protection. She claimed her subsequent eviction violated the Fourth Amendment and asserted claims under all the statutes alleged in the instant case. Plaintiff asked for an apology from the defendants, reversal of the foreclosure judgment, return of the foreclosed property, and monetary damages. Judge Pearson considered the case on the merits and dismissed the action pursuant to 28 U.S.C. § 1915(e).

Plaintiff has now filed this action to again contest the foreclosure action. She once again contends the defendants continued to move forward with the eviction efforts knowing that there were lawsuits filed against them. She still insists that the filing of any action in state or federal court stays the execution of the foreclosure. She continues to assert her filing of an appeal with the Fifth District Court of Appeals stayed the sheriff's sale. She indicates they were offered a lease agreement after the sale to allow them to remain in the house. She claims this was blackmail or bribery. Plaintiff again claims the sale was conducted without legal authority and, therefore, the transfer of the property constituted securities fraud and wire fraud. The sale documents were mailed to the plaintiff and she claims that constituted mail fraud as well. She asserts that the prosecutor knew or should have known that the filing of the notice of appeal stayed the action and his failure to cancel the sale denied her due process and equal protection. She claims her subsequent eviction violated the Fourth Amendment and the various statutes listed above. She alleges Michael, Rueben, and Dwain Schlabach and Loren Mast stole

fencing, feeders, and a land marker and transferred the electric bill into Rueben's name. Plaintiff also indicates she filed yet another action against these defendants in state court in 2012.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable

5

to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new claim or defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.

This action is substantially identical to the action plaintiff filed in this Court in November 2011. Plaintiff alleges the same facts and asserts the same claims against the same defendants in this case as she did in Case No. 5:11CV2536. That case was addressed on the merits and dismissed on February 14, 2012. Plaintiff is precluded by the doctrine of *res judicata* from attempting to defeat that prior judgment by litigating this matter for a second time.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: August 27, 2012

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.